IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEE ANTHONY BRANCH, ) | |
| ) | |
| Plaintiff ) | |
| vs. ) | CASE NO.: |
| ) | |
| ENCORE, LLC ) | |
| & RODNEY HERRING, ) | |
| JOINTLY AND SEVERALLY ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, Plaintiff, Lee Anthony Branch, (hereinafter "Mr. Branch" or "Plaintiff") and hereby files this Complaint pursuant to 28 U.S.C. § 1331, 1343(4) and 28 U.S.C. §2201 and 2202. This is a suit authorized and instituted pursuant to 42 U.S.C. § 1981 with other claims. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 1981, Fair Labor Standards Act (FLSA) and other Alabama state law claims enumerated herein.

## JURISDICTION

1. This is an action for declaratory judgment, equitable relief and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through 42 U.S.C. § 1981, which provides for relief from race discrimination in employment and pursuant to 28 U.S.C. §§ 1331, 1343(4).

2. The unlawful practices alleged herein were committed by Defendant in Houston County, in the State of Alabama. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. The Plaintiff is an individual over the age of nineteen (19) who resides in Houston County, Alabama.

4. Defendant, Encore, LLC ("Encore") is an Alabama Limited Liability Company operating and doing business in Houston County.

5. Defendant, Rodney Herring, an Alabama resident believed to reside in Houston County and who is believed to be the owner and/or manager of Encore, LLC, a defendant in this action.

6. The alleged acts of these Defendants occurred at Encore, which is a business with its principal place of operation in Dothan, Alabama.

## FACTUAL ALLEGATIONS

7. On or about November 10, 2022, the Plaintiff, Lee Anthony Branch, was an employee at Encore when he was called into a meeting with owner, Rodney Herrin and three other employees.

8. Branch had been hired as pump driver in July 2019 at Encore. Over and during the course of employment, Defendant Herring upon information and

belief, regularly referred to Branch with racial epitaphs such as "*Ni…er*" and "*Black M…F..*"

9. On the morning of November 10, 2022, Mr. Herring texted Mr. Branch requesting he attend a meeting at 2:30 p.m., although Mr. Branch was not scheduled for work and was tending to a family emergency at a local hospital. Mr. Branch called Mr. Herring to notify him of the family emergency and Mr. Herring replied, "You need to hurry and get your black ass over here!" Mr. Branch, in fear of losing his job, left his family to attend the meeting.

10. That on this same date at the meeting, Defendant Herring became verbally abusive and threatened the Plaintiff with physical harm while grabbing what is believed to be an AR 15 style assault weapon. Defendant Herring continually insulted the Plaintiff with racists remarks and name calling such as, "*Get your black ass over here..; "you black M….F…": "I wish you would quit, black M….F….; I'm gonna get rid of your black ass anyway..*" which placed the Plaintiff in pervasive, racist and hostile work environment.

11. Mr. Branch's life was potentially saved when another employee named David Sizemore, a supervisor, grabbed the assault rifle from Herring, who then pulled his knife out while threatening the Plaintiff. Chris Lewis and Bradley LNU were also present at the incident.

12. Plaintiff Branch, in fear for his life, abruptly jumped up and left the meeting and eventually resigned his from his job, due the violent threats and racist harassment from Herring.

13. That Branch who is a licensed Commercial Driver, worked as a boom pump driver, making $15 per hour compared to Caucasian drivers who were paid a higher salary of $18-$24 per hour for the same job with less experience by the Defendant Encore.

14. That Encore used race as a motivating factor in its racially disparate treatment of Mr. Branch's during his employment which was constructively terminated on Nov. 10, 2022, when Mr. Herring threatened Mr. Branch with an assault style weapon and hand knife while telling Branch, "*I am gonna to get rid of your black ass…*"

15. Fortunately, another employee, named David Sizemore, grabbed the assault rifle to prevent Mr. Herring from potentially firing the weapon at Mr. Branch. The incident was also captured on video at the job site.

16. That Encore discriminated against the Plaintiff who requested to attend a CDL class that would pay more but was denied in favor of a less qualified Caucasian driver.

17. That Rodney Herring, Defendant, sent Mr. Branch, threatening text messages including at least one , saying, "*Black Boy are you scared.*" Plaintiff

reported Mr. Herring to the Dothan Police who filed a criminal charged for Menacing against Herring.

18.     Based on recollection of the Plaintiff, he was forced to work 12-22 hours some workdays on a regular basis for which Defendant still required him to report the next day for work in less than eight hours after prior shift ended.

19.     That Plaintiff has suffered a loss in income due to the actions of defendants in causing him to involuntarily resign his position due to threats of harm and racial discrimination.

20.     That the defendant refused to pay the Plaintiff for vacation or personal time off but allowed at least two white employees who were also drivers, John Killingsworth and Bradley LNU to take time off with pay.

21.     That Plaintiff has suffered severe emotional distress and mental anguish as a direct result of Defendant Herring and Encore racist treatment and physical threats.

## COUNT ONE
### RACIAL DISCRIMINATION CLAIMS PURSUANT TO 42 U.S.C § 1981

22.     Plaintiff's race is African American.

23.     Plaintiff was a duly trained and experienced employee and was qualified to hold his position with Defendant, which he had done for approximately three years prior to the unlawful constructive termination.

24. Additionally, with intent to interfere with Mr. Branch's contractual right in his employment and to discriminate based on Mr. Branch being an African American, Mr. Herring created a racially charged hostile work environment and threatened Mr. Branch with an assault rifle and hand knife. This discriminatory act was in direct contrast to how defendant treated Caucasian employees who performed the same job as pump drivers who were not subjected to racially charged harassment and hostile work environment.

25. Because Plaintiff needed his employment to support himself, he attempted to bear the racially discriminatory hostile work environment until November 10, 2022 when Herring assaulted the Plaintiff with the assault rifle and hand knife.

26. Plaintiff's race was a motivating factor in Defendants' unlawful constructive termination.

27. Defendants Herring and Encore acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

28. Defendants, upon information and belief, have a habit and/or practice of discriminating against African Americans.

29. Defendants' illegal discriminatory and adverse actions injured the Plaintiff.

30.     Plaintiff is now suffering loss of income and will continue to suffer irreparable injury from Defendants' unlawful policies and practices set forth herein unless enjoined by this Court.

31.     Defendant condoned and tolerated discrimination actions toward Plaintiff and other African Americans.

32.     Defendant's actions were in violation of 42 U.S.C § 1981, by engaging in pernicious, intentional racial discrimination in contracting, which is illegal under § 1981. Section 1981 is broad, covering "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

33.     African Americans are a protected class under § 1981.

34.     Similarly situated Caucasian employees were treated more fairly and Defendants' refusal to afford the same to an African American Plaintiff motivated the disparate treatment.  Accordingly, Encore's unlawful discrimination caused Mr. Branch damages in loss of income in damages, plus punitive damages for intentional, oppressive and malicious racial discrimination.

## COUNT TWO-Violations under Fair Labor Standards Act (FLSA) vs. Encore LLC

35.     Plaintiff is protected by FLSA because his work regularly involved interstate travel. The FLSA covers individual workers who are "engaged in

commerce or in the production of goods for commerce" including working a job that requires travel to other states. Mr. Branch regularly traveled outside the State of Alabama to perform his job as a pump driver.[1]

36.     That Defendant violated the Fair Labor Standards Act (FSLA) by forcing the Plaintiff to work more than eight hours in a day for a period covering over three years without the required eight hours rest period under FLSA before returning back to work. Plaintiff was not allowed rest breaks and worked hours that he was not paid for including driving times.

37.     That Defendant required working hours that sometimes forced the Plaintiff to get as little as three (3) hours rest before reporting back to work for the Defendant.

38.     Encore's unlawful practices are punishable under the FLSA in the form of compensatory damages and/or statutory fines.

### COUNT THREE – Assault –Rodney Herring

39.     Defendant, Rodney Herring, individually, intended to cause and/or place Plaintiff in apprehension of harmful and offensive contacts with his person when he grabbed the AR 15 assault weapon and knife and threatened the Plaintiff's life.

---

[1] https://www.dol.gov/agencies/whd/fact-sheets/14-flsa-coverage.

40. As a result of Defendant's actions, Plaintiff suffered harm and seeks all available damages, compensatory, punitive, and otherwise.

## COUNT FOUR – Outrage – All Defendants

41. Defendants, as set forth in the *Factual Allegations supra*, did commit those alleged acts which were extreme and outrageous, and did intentionally or recklessly cause severe emotional distress and mental anguish to Plaintiff. The combined and concurrent actions of these defendants rise to the level of "*outrageous conduct, under Alabama law*," which is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized society." *American Road Service Co. v. Inmon, 394 So.2d 361 (Ala. 1980), citing Restatement (Second) of Torts, § 46, Comment (d) (1965)*.

42. These Defendants' actions led directly to Plaintiff's fear for his life and caused Plaintiff's involuntary resignation.

43. The actions described above proximately caused Plaintiff to suffer serious and permanent damages. As a result, Plaintiff suffered harm and seeks all available damages; compensatory, punitive, and otherwise.

## COUNT FIVE – Infliction of Emotional Distress – Rodney Herring

44. Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein.

45. Defendant committed the foregoing acts with the intent of causing Plaintiff to fear for his safety and suffer severe emotional distress and mental anguish.

46. As a proximate cause of the foregoing acts of Defendant, Mr. Branch feared for his life and suffered severe emotional distress and mental anguish.

47. Defendant, Rodney Herring, committed the foregoing acts intentionally, willfully, recklessly and maliciously to injure Plaintiff and/or in willful and conscious disregard of his safety.

48. The actions described above proximately caused Plaintiff to suffer serious damages. As a result, Plaintiff suffered harm and seeks all available damages, compensatory, punitive, and otherwise.

## COUNT SIX-Vicarious Liability against Encore

49. Defendant's' actions in Counts IV, V and VI caused damage to the Plaintiff, and were committed by agent, party, or parties by or through an agent, servant, or employee acting within the line and scope of their employment with Encore.

50. These actions caused Plaintiff to suffer serious damages. As a result, Plaintiff suffered harm and seeks all available damages, compensatory, punitive, and otherwise.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully requests this Court adopt jurisdiction of this action and enter a judgment against Defendants for violation of 42 U.S.C. § 1981, FLSA and all applicable Alabama state laws pled herein and award Plaintiff the following relief:

1. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by 42 U.S.C § 1981, FLSA and;

2. Grant the Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant or at Defendant's request from violating 42 U.S.C § 1981, and Grant the Plaintiff an order requiring the Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for emotional distress and mental anguish), punitive damages, interest, attorney fees, expenses, costs;

3. Grant Plaintiff injunctive relief, including backpay, reinstatement and/or reasonable front pay (inclusive of pre-judgment and post judgment interest);

4. Grant Plaintiff an award of punitive and compensatory damages for violation of state law claims, and

5. Plaintiff prays for such other, further, different or additional relief and

benefits as justice may require.

**Plaintiff demands a trial by struck jury on all issues so triable.**

## TRIAL BY JURY DEMAND

Submitted this the 17th day of February, 2023.

s/Reginald D. McDaniel, Esq. (ASB-7676-L73M)
Reginald D. McDaniel, Attorney at Law, LLC
Attorney for the Plaintiff
1211 W. Main St.
Dothan, AL 36301
Phone: (205) 433-6130
Fax: (888) 357-8447
rdm@reginaldmcdaniel.com

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT**:

Rodney Herring, Registered Agent
Encore, LLC
1106-2 COE DAIRY ROAD
DOTHAN, AL 36301


Rodney Herring
208 PRIMROSE DRIVE
DOTHAN, AL  36303