IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEE ANTHONY BRANCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:23-cv-99-ECM |
| ) | [WO] |
| ENCORE, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Plaintiff's motion for default judgment against Defendant Apex Concrete Pumping, LLC ("Apex"), (doc. 29), filed on March 11, 2024. Federal Rule of Civil Procedure 55 governs the procedure for obtaining a default judgment and creates a two-step procedure for obtaining a default judgment against an unresponsive party. *See* FED. R. CIV. P. 55.  An entry of default must precede an entry of a default judgment.  When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. FED. R. CIV. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).  The Plaintiff has not applied for entry of default against the Defendant pursuant to FED. R. CIV. P. 55(a).  Thus, the motion for entry of default judgment is premature.

Additionally, on May 11, 2024, Apex filed its answer. (Doc. 30).[1] The Court thus acknowledges that the adversarial process has no longer been halted. *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp. 2d 193, 195 (D. D.C. 2006) ("While modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party.") (citation omitted).

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the motion for default judgment (doc. 29) is DENIED.

Done this 13th day of March, 2024.

                                           /s/ Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Apex did not ask for leave to file its answer out of time, but the Court permits it in this instance.