IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEE ANTHONY BRANCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 1:23-cv-99-ECM |
| ) | [WO] |
| ENCORE, LLC, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION and BACKGROUND**

On February 17, 2023, Plaintiff Lee Anthony Branch ("Branch") filed this action against Rodney Herring ("Herring") and Encore, LLC ("Encore"). (*See* doc. 1).[1] Branch then amended his complaint, adding Apex Concrete Plumbing, LLC ("Apex") as a third defendant. (*See* doc. 11 at 2–3). Branch alleges he was discriminated against, had his rights under the Fair Labor Standards Act violated, and sustained other injuries during his employment with Encore. (*Id.* at 3–5).

Following proper service, Encore failed to plead or otherwise defend. Accordingly, on April 10, 2024, Branch filed an application for entry of default against Encore. (Doc. 33). The Clerk of the Court entered default as to Encore on May 1, 2024. (Doc. 38). Thereafter, on July 2, 2024, Branch filed a motion for default judgment against Encore. (Doc. 48). That motion, now pending, is due to be DENIED without prejudice.

---

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

## II. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this matter pursuant to 28 U.S.C. §§ 1331 and 1367. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. LEGAL STANDARD

A default judgment may be entered when a defendant "has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a). While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). Therefore, "the allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *1 (M.D. Fla. Nov. 24, 2009) [2] (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). A complaint is "well-pleaded" when it satisfies the

---

[2] The Court here, and elsewhere in the Opinion, cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

2

requirements set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "the factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

## IV. DISCUSSION

"[W]hen a case involves multiple defendants, the [C]ourt will not enter default judgment against any one defendant unless and until the [C]ourt enters judgment against the others. Otherwise, inconsistent judgments would result from a plaintiff ultimately failing to prevail against the other defendants." *Carn as Tr. of SpecAlloy Corp. v. Peluso*, 2019 WL 4553105, at *1 (M.D. Ala. July 9, 2019) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)). Here, Apex and Herring (to a limited extent) are participating in the proceedings and litigating the claims asserted against them. As such, default judgment is inappropriate at this stage of the litigation because entering default judgment against Encore could result in inconsistent judgments. However, Branch may refile the motion at the appropriate stage.

## V. CONCLUSION

Therefore, for the reasons stated, and for good cause, it is

ORDERED that the Plaintiffs' motion for default judgment (doc. 48) is DENIED without prejudice.

DONE this 10th day of February, 2025.

                                    /s/ Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE