IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**LEE ANTHONY BRANCH,**
Plaintiff,
v.
**ENCORE, LLC, APEX CONCRETE**           Case No.: 1:23cv00099 ECM
**PUMPING, LLC, and RODNEY HERRING,**
Defendants.

### JOINT MOTION TO APPROVE SETTLEMENT WITH APEX CONCRETE PUMPING, LLC

COMES NOW, Plaintiff Lee Anthony Branch ("Plaintiff") and Defendant Apex Concrete Pumping, LLC ("Apex"), collectively referred to as the "Parties," and respectfully move this Honorable Court to approve the Settlement Agreement and Release entered into between the Parties, pursuant to claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and other applicable laws, and in support thereof, state as follows:

1. **Background of the Litigation**

   Plaintiff filed its Amended Complaint in this action on August 7, 2023, (Doc. 11), asserting claims against Apex, Encore, LLC, and Rodney Herring under 42 U.S.C. § 1981, the FLSA, and Alabama state law claims, including assault, outrage, infliction of emotional distress, and vicarious liability. The claims arise from Plaintiff's employment at Encore and alleged conduct by Defendants, as detailed in the Amended Complaint (Doc. 11).

2. **Settlement Agreement**

   The Parties have reached a settlement to resolve all claims asserted by Plaintiff against Apex in the Lawsuit. The Settlement Agreement and Release provide for a total payment of $XXXXXXX Dollars ($XXX), of which $XXXXX Dollars ($XXX) is specifically allocated to settle Plaintiff's FLSA claims, with the remainder addressing all other claims, including compensatory damages, punitive damages, backpay, front pay, emotional distress, mental anguish, attorney's fees, and costs. The Settlement Amount will be paid in a single lump sum via certified check or electronic transfer to Plaintiff's counsel within thirty (30) days of the execution of the Agreement.

3. **Fairness and Reasonableness of the Settlement**

   The Parties respectfully submit that the Settlement Agreement is fair, reasonable, and adequate under the FLSA and applicable law. The settlement was reached through Mediation with the Hon. Kelly Pate, Magistrate, United States District Court, Middle District of Alabama on September 15, 2025, with both Parties represented by their counsel. The Settlement Amount fully compensates Plaintiff for his FLSA claims and provides reasonable resolution for all other claims, avoiding the expense, delay, and uncertainty of further litigation. Apex, nor the other defendants (Herring and Encore) had records related to the FLSA claims and the

apportionment of said amount is fair and reasonable. The allocation of $XXXX for FLSA claims addresses alleged unpaid wages and related damages, and the Parties agree that this amount is fair given the disputed nature of the claims and the risks of litigation.

4. **Compliance with FLSA Requirements**

The FLSA requires judicial approval of settlements to ensure they are fair and reasonable. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Parties assert that the settlement satisfies this standard because:

a. The settlement resolves a bona fide dispute regarding Plaintiff's FLSA claims, including allegations of unpaid wages, overtime and insufficient rest periods.

b. The Settlement Amount provides reasonable compensation for the disputed FLSA claims, considering the strengths and weaknesses of Plaintiff's case and the costs of continued litigation.

c. The settlement includes a specific allocation of $XXXX for FLSA claims, which reflects a fair compromise given the contested liability and factual disputes and/or the availability of records from Encore and/or Apex.

d. Plaintiff has been represented by counsel throughout the litigation and settlement negotiations, ensuring informed consent to the terms.

5. **Dismissal of Claims**

   Upon approval of the Settlement Agreement, Plaintiff will file a stipulation of dismissal with prejudice of all claims against Apex pursuant to Federal Rule of Civil Procedure 41, as provided in the Agreement. Each party will bear its own attorney's fees and costs, except as provided in the Settlement Amount.

6. **No Admission of Liability**

   The Settlement Agreement expressly states that it is a compromise of disputed claims and does not constitute an admission of liability or wrongdoing by Apex, which denies all allegations of wrongdoing. Apex denies that the Plaintiff was ever its employee and which otherwise, denies all allegations of wrongdoing, of every kind, character or nature.

7. **Request for Relief**

   WHEREFORE, the Parties respectfully request that this Court:

   a. Approve the Settlement Agreement and Release as fair, reasonable, and adequate under the FLSA and applicable law;

   b. Authorize the Parties to effectuate the terms of the Settlement Agreement;

   c. Dismiss all claims against Apex Concrete Pumping, LLC with prejudice upon the filing of the stipulation of dismissal; and

   d. Grant such other and further relief as the Court deems just and proper.

Submitted this 26th day of September, 2025.

Respectfully submitted,

/s/ Reginald D. McDaniel, Esq. (ASB-7676-L73M)
Reginald D. McDaniel, Attorney at Law, LLC
Attorney for Plaintiff
810 5th Avenue N., Ste. B.
Phone: (205) 433-6130
Fax: (888) 357-8447
rdm@reginaldmcdaniel.com


s/Richard E. Crum, Esq.
Attorney for Defendant,
APEX Concrete Pumping, LLC
CRUM & HARMON, LLC
Post Office Box 816
Dothan, Alabama 36302-0816
(334) 305-1630 - Tel.
(334) 305-1632 - Fax
rcrum@crumandharmon.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date, 9/26/2025, served a copy of the foregoing, via electronically and regular U.S. Mail, if electronic transmission is not available, properly addressed and postage prepaid, to:

<u>Mr. Rodney Herring</u>
3888 County Road 281
Jones, Alabama 36749
Pro Se Defendant & registered agent for Encore

                                                   <u>/s/ Reginald D. McDaniel. Esq.</u>
                                                   Of Counsel