IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEE ANTHONY BRANCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 1:23-cv-99-ECM |
| | ) [WO] |
| ENCORE, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff and Defendant Apex Concrete Pumping, LLC ("Apex") move for approval of their settlement of Plaintiff's claims against Apex. (Doc. 124). Upon consideration, and for good cause, the motion is due to be denied without prejudice.

In his amended complaint, Plaintiff asserted four claims against Apex: race discrimination (Count I), violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219 (Count II), outrage (Count IV), and vicarious liability (Count VI). (*See* doc. 11). The Court granted Apex summary judgment as to Counts IV and VI, which left only Counts I and II pending against Apex. (*See* doc. 87 at 1 n.2, 8–10, 12). At a status conference held on September 22, 2025, Plaintiff and Apex represented that they had reached an agreement to settle Counts I and II. (*See* doc. 119). The Court noted that settlement of FLSA claims requires the Court's approval, and Plaintiff stated that he and Apex would move for approval. They have now done so. (Doc. 124).

The FLSA requires, among other things, that an employer "pay to each of his employees who in any workweek is engaged in commerce" a statutory minimum wage. 29

U.S.C. § 206(a).  Failure to comply with this requirement renders the employer "liable to the employee or employees affected in the amount of their unpaid minimum wages[] . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  "Thus, an employee may compromise a claim if the district court determines that the compromise 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1236 (M.D. Fla. 2010) (quoting *Lynn's Food*, 679 F.2d at 1354).[1]

In Count II, Plaintiff alleged that he worked hours for which he was not paid. (Doc. 11 at 8).  The parties do not dispute that settlement of this claim therefore requires court approval. (*See* doc. 124).  In their joint motion for approval, Plaintiff and Apex confirm that they "have reached a settlement to resolve all claims asserted by Plaintiff against Apex." (*Id.* at 2).  However, they have not provided the Court a copy of their settlement agreement or otherwise apprised the Court of the pertinent terms of that agreement. Instead, they have described the settlement in broad strokes, noting that it "provide[s] for a total payment of $XXXXXXX Dollars ($XXX), of which $XXXXX Dollars ($XXX) is specifically allocated to settle Plaintiff's FLSA claim[]." (*Id.*)  The balance of the

---

[1] Here, and elsewhere in this Order, the Court cites nonbinding authority.  While the Court recognizes that these cases are nonprecedential, the Court finds them persuasive.

settlement amount—whatever that might be—would "address[] all other claims," and Plaintiff's "attorney[] fees[] and costs" would apparently come from that balance. (*Id.*)

There is insufficient information in the motion for the Court to determine whether the settlement is "fair and reasonable." *See Lynn's Food*, 679 F.2d at 1355; *Santiago v. McGuiness II, Inc.*, 2013 WL 12388613, at *1 (M.D. Fla. Sep. 25, 2013) ("Without knowing the precise amount of damages [the p]laintiff will receive and the amount to be paid to [the p]laintiff's counsel, the Court cannot determine whether the [a]greement is a fair and reasonable resolution of [the p]laintiff's FLSA claims."). Plaintiff and Apex's representations that the settlement is fair are insufficient. (*Id.* at 3 ("The settlement includes a specific allocation of $XXXX for FLSA claims, which reflects a fair compromise given the contested liability and factual disputes and/or the availability of records from Encore and/or Apex.")). Their representation that the settlement must be fair because it was reached during a mediation with the Magistrate Judge in which both parties to the settlement were represented by counsel is similarly unavailing. (*See id.* at 2). Though a settlement reached "in an adversary context" where "the parties are represented by competent counsel . . . will, almost by definition, be reasonable," *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009), the Court must nevertheless "scrutinize the settlement for fairness." *Dees*, 706 F. Supp. 2d at 1241 (citation omitted).

Because the Court cannot scrutinize the agreement for fairness, Plaintiff and Apex's motion is due to be denied without prejudice. Plaintiff and Apex may file a renewed motion for settlement approval with the requisite information. The Court advises the parties to thoroughly review the relevant caselaw and to brief all pertinent issues, including the

3

fairness of the settlement itself and whether the contemplated apportionment of legal fees is proper. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.").

Accordingly, upon consideration, and for good cause, it is

ORDERED that Plaintiff and Apex's joint motion for settlement approval (doc. 124) is DENIED without prejudice.

DONE this 3rd day of October, 2025.

                                /s/ Emily C. Marks  
                            EMILY C. MARKS  
                            CHIEF UNITED STATES DISTRICT JUDGE