## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LEE ANTHONY BRANCH, | ) | |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | CASE NO.: 1:23cv-00099 |
| | ) | |
| ENCORE, LLC et., al. | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR DEFAULT
## JUDGMENT AGAINST ENCORE, LLC

COMES NOW, the Plaintiff, Lee Branch, by and through his attorney and respectfully moves this Court, pursuant to Fed. R. Civ. P. 55(b)(2), for entry of Judgment on Default against Defendant Encore, LLC, ("Encore") because Defendant Encore has failed to answer, plead, or otherwise respond to Plaintiff's Complaint. This motion is based upon the affidavit of Reginald D. McDaniel, Attorney for the Plaintiff and the pleadings and records on file with the court in this action.

## I.    NATURE OF THIS CASE

This is a suit authorized and instituted pursuant to 42 U.S.C. § 1981 to redress the deprivation of civil rights secured by 42 U.S.C. § 1981, the Fair Labor Standards Act (FLSA) and other Alabama state law claims contained in the Complaint. (Doc. 11) Plaintiff was an employee of Encore LLC at the time the

1

deprivation of rights and claims occurred and filed his complaint on February 17, 2023, and later filed his amended complaint to add Defendant, Apex (Doc. 11) on August 7, 2023. Defendant Encore has not pleaded or otherwise sought to defend in this action. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment is appropriate.

The Clerk of Court entered a default against Encore on May 1, 2024. (Doc. 38) Due to Defendant Encore's default, the Plaintiff's well pleaded allegations of fact are deemed admitted. *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1106 (11th Cir. 2015)(When a defendant defaults, he "admits the plaintiffs well-pleaded allegations of fact."); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009). As such, the only issue remaining to be decided in this case is the amount of damages to which Plaintiff is entitled from Defendant Encore.

## II.    FACTS

On or about November 10, 2022, the Plaintiff, Lee Anthony Branch, was an employee at Encore when he was called into a meeting with Encore owner, Rodney Herring and three other employees.

Mr. Branch had been hired as pump driver in July 2019 at Encore. Over and during the course of employment, Defendant Herring regularly referred to Branch with racial epitaphs such as "*Ni…er*" and "*Black M…F…*."

2

Mr. Branch called Mr. Herring to notify him of the family emergency and Mr. Herring replied, "You need to hurry and get your black ass over here!" Mr. Branch, in fear of losing his job, left his family to attend the meeting.

That on this same date at the meeting, Herring while acting as owner, became verbally abusive and threatened the Plaintiff with physical harm while grabbing an AR 15 style assault weapon at the same time. Herring continually insulted the Plaintiff with racists remarks and name calling such as, "*Get your black ass over here..; "you black M….F…"; "I wish you would quit, black M….F….; I'm gonna get rid of your black ass anyway..*" which placed the Plaintiff in pervasive, racist and hostile work environment. Even after, this horrifying event, just 12 days later on Nov. 22, 2022, after pulling his rifle on Branch, Herring texted Mr. Branch the message, "*Black boy are you scared*?" ( Doc. 130.1, Exh. 1)

Plaintiff Branch, in fear for his life, abruptly jumped up and left the meeting and eventually constructively resigned his from his job, due the assault, violent threats and racist harassment from Herring.

Branch who is a licensed Commercial Driver, worked as a boom pump driver, making $15 per hour compared to Caucasian drivers who were paid a higher salary of $18-$24 per hour for the same job with less experience by the Defendant Encore.

Encore used race as a motivating factor in its racially disparate treatment of Mr. Branch during his employment which was constructively terminated on Nov. 10,

3

2022, when Mr. Herring threatened Mr. Branch with an assault style weapon and hand knife while telling Branch, "*I am gonna to get rid of your black ass…*" Herring later sent Mr. Branch a text, stating, "are you scared black boy" further harassing and putting fear in the life of Mr. Branch.

Plaintiff reported Mr. Herring to the Dothan Police who filed criminal charges for menacing against Herring that are still pending.

Encore forced Mr. Branch to work 12-22 hours some workdays on a regular basis requiring him to report the next day for work in less than eight hours after prior shift ended in violation of the Fair Labor Standards Act.

Plaintiff has suffered a loss in income due to the actions of Encore, causing him to involuntarily resign his position due to threats of bodily harm and racial discrimination.

Encore, refused to pay the Plaintiff for vacation or personal time off but allowed at least two white employees who were also drivers, John Killingsworth and Bradley LNU to take time off with pay.

Mr. Branch has suffered severe emotional distress and mental anguish as a direct result of Encore, now Apex's racist treatment and physical threats.

## III.    STANDARD OF REVIEW

The legal standard of review in the U.S. District Court for the Middle District of Alabama for granting a motion for default judgment against a defendant who fails

to appear, plead, answer, or otherwise defend a lawsuit is governed by Rule 55 of the Federal Rules of Civil Procedure. Under Rule 55(a), a default may be entered when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, as shown by affidavit or otherwise. Once default is entered, Rule 55(b)(2) allows the court to enter a default judgment. The Court should review the pleadings to ensure the pleadings support the default judgment. The court may also conduct hearings to determine damages, establish the truth of allegations, or investigate other matters as necessary. *Federal Rules Civil Procedure Rule 55 (FRCP), Nelson v. Atl. Glob. Fin., Inc., 725 F. Supp. 3d 1288*.

Although the Eleventh Circuit has emphasized policy favoring the resolution of cases on their merits, a district court has the authority to enter default judgment for failure to comply with its orders or procedural rules, while considering the allegations in the complaint are well-pleaded and legally sufficient to support the requested relief. *Nelson v. Atl. Glob. Fin., Inc., 725 F. Supp. 3d 1288, Blau v. Bill Heard Chevrolet Corp. - Orlando, 422 B.R. 293*. Additionally, the court may exercise discretion in determining whether to hold hearings to address specific issues, such as damages or the truth of allegations, before entering judgment. *FRCP 55, Arreguin v. Sanchez, 398 F. Supp. 3d 1314*.

In conclusion, the Middle District of Alabama applies the procedural framework of Rule 55, balancing the need for judicial efficiency with the principle of

resolving cases on their merits, while ensuring that the pleadings provide a sufficient legal basis for the judgment.

## IV.    ARGUMENT

In this matter, the defendant, Encore, LLC was never represented by legal counsel and the owner of Encore, Rodney Herring, continuously ignored Court direction in appearing, answering, defending or otherwise participating in the litigation process. For example, Encore failed to appear at the November 24, 2025, status conference without explanation (Doc. 131). The Court record is full of non-compliance by Encore including, Encore's failure to file a conflict disclosure (Doc. 4.1). The clerk of court entered a default judgement against Encore. (Doc. 38). Encore failure to appear at the July 1, 2024 status conference for which the court entered a "Show Cause Order" (Doc. 47).  Encore also failed to comply with the Uniform Scheduling Order (Doc. 46) by failing to participate in mediation, failing to present trial witness lists, deposition designations, trial exhibits, or submit voir dire questions. Furthermore, Encore failed to submit response to Plaintiff Motion for Summary Judgment by the deadline (Doc. 74) and the court again informed Mr. Herring he could not represent Encore, for which Herring ignored and continued to defy the Court's Order (Doc. 87).

Rule 55 of the Federal Rules of Civil Procedure provides a clear two-step process for obtaining a default judgment. First, the plaintiff must request the clerk to

enter a default when the defendant has failed to plead or otherwise defend the action (Doc. 38). Second, if the claim is not for a sum certain, the plaintiff must apply to the court for a default judgment under Rule 55(b)(2). The court may then, in its discretion, conduct hearings or make referrals to determine damages, establish the truth of allegations, or investigate other matters necessary to effectuate judgment. _Murphy v. Stacy, 809 Fed. Appx. 677, USAmeriBank v. Strength (In re Strength), 562 B.R. 799, USCS Fed Rules Civ Proc R 55_.

Federal courts, including those in the Eleventh Circuit, have recognized that default judgments are appropriate when the adversary process has been halted, impaired, or otherwise adversely impacted due to an unresponsive party such as defendant Encore LLC.  Default judgments are warranted when the defendant's failure to respond, participate, plead, or comply, effectively causes or impairs the litigation process as here with Encore, LLC. In such cases, once the court determines that the plaintiff's allegations are legally sufficient and that the complaint states a plausible claim for relief, akin to the standard for surviving a motion to dismiss it should enter an order for default**.** _Surtain v. Hamlin Terrace Found., 789 F.3d 1239, Patterson v. Johnson's Heavy Salvage, Inc., 541 F. Supp. 3d 1316, Nelson v. Atl. Glob. Fin., Inc., 725 F. Supp. 3d 1288_.

Here, Herring and Encore's failure to participate is due to their own culpable conduct, and the plaintiff would suffer prejudice if the judgment is not entered.

7

*Cornelius v. Browning, 85 So. 3d 955, Hutcinson v. Hutchinson, 647 So. 2d 786,*
*§ 9.4 Default Judgments—Entry of Default Judgment by the Court—Rule 55(b)(2).*

In conclusion, the defendant Encore failed to plead, comply or defend as required under Rule 55, and the sufficiency of the plaintiff's allegations to state a plausible claim, and there exists a strong and compelling need to prevent undue delay and further prejudice the plaintiff. These principles are supported by both the Federal Rules of Civil Procedure and case law from the Eleventh Circuit**.**

## V.    DAMAGES

The court must determine both the amount and character of damages. *Wallace v. The Kiwi Grp., Inc.,* 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citing *Miller v. Paradise of Port Richey, Inc.,* 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) ); see also Fed. R. Civ. P. 8(b)(6) ("*An allegation-other than one relating to the amount of damages-is admitted if a responsive pleading is required and the allegation is not denied*."). Therefore, even in the context of a default judgment, a court in this matter can easily find there is a legitimate basis for a damage award. *Anheuser-Busch, Inc. v. Philpot,* 317 F.3d 1264, 1266 (11th Cir. 2003); *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1544 (11th Cir. 1985) In the event the record is inadequate, Rule 55(b)(2)(B) provides that, "[t]*he court may conduct hearings ... to determine the amount of*

8

*damages.*" Here, a hearing on damages may not be necessary since there is already essential evidence in the record, reflecting the basis for the award. See *Giovanna v. Fabec,* 804 F.3d 1361, 1366 (11th Cir. 2015); *SEC v. Smyth,* 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005); *Adolph Coors,* 777 F.2d at 1544; see also *Pinnacle Fin. Grp., Inc. v. TriStar Acceptance, LLC,* No. 16-62169-CIV, 2017 WL 7355331, at *2 (S.D. Fla. July 17, 2017), report and recommendation adopted, No. 16-62169-CIV, 2017 WL 7362290 (S.D. Fla. Aug. 9, 2017) (recommending a final default judgment against defendant in the amount of $165,268.88 ($41,317.22 in compensatory damages and $123,951.66 in punitive damages) for the intentional tort of conversion).

Here, the Plaintiff seeks the following damages against Encore for: (a) Thirty on Thousand Dollars ($31,000) in compensatory damages for Plaintiffs loss wages and benefits, (See Exhibit 1 pgs. 172-173, lines 18-5-Branch Depo) (b) psychological and emotional distress and damages, loss of standing in his community, damage to his reputation, and unreimbursed out of pocket expenses incurred in response to these circumstances; (c) Punitive damages; (d) Statutory interest; (e) Costs; and (f) Reasonable attorney fees.

### A.    **Compensatory Damages**

The Eleventh Circuit has held that "[t]*he standard of review for awards*

of compensatory damages for intangible, emotional harms are deferential to the fact finder because the harm is subjective and evaluating it depends considerably on the demeanor of the witnesses." *McGinnis v. Am. Home Mortg. Servicing,* 2014 U.S. Dist. LEXIS 88435, 67 (M.D. Ga. June 30, 2014); *Tucker v. Haus. Auth.,* 507 F. Supp. 2d 1240 (N.D. Ala. 2006); *Munoz v. Oceanside Resorts,* Inc., 223 F.3d 1340, 1349 (11th Cir. 2000); *Ferrill v. Parker Group, Inc.,* 168 F.3d 468, 476 (11th Cir. 1999)). Although compensatory damages must be proven, general compensatory damages, as opposed to special damages, need not be proved with a high degree of specificity, and may be inferred from the circumstances. *Bogle v. McClure,* 332 F.3d 1347 (11th Cir. 2003)(citing, *Ferrill v. Parker Group, Inc*., 168 F.3d 468, 476 (11th Cir. 1999) ("*A plaintiff may be compensated for intangible, psychological injuries as well as financial, property, or physical harms.*"). Thus, the Plaintiff may testify generally about his compensatory damages.

### B.    Punitive Damages

Punitive damages are "*intended to punish the defendant and to deter future wrongdoing,*" *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.,* 532 U.S. 24, 432, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001). In *Goldsmith v. Bagby Elevator Co., Inc.,* 513 F.3d 1261, 1282 (2008), the Eleventh Circuit indicated that courts are to evaluate the following "three guideposts" in considering punitive damages awards:

"(l) *the degree of reprehensibility of the defendant's misconduct*; (2) *the ratio between compensatory damages (representing the actual or potential harm suffered by the plaintiff) and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.*" Id. at 1282.

Therefore, the Plaintiff is entitled to a default judgment against Encore and the Plaintiff seeks further damages as requested.

Respectfully Submitted,

/s/ Reginald D. McDaniel, Esq.

**OF COUNSEL**:
Reginald D. McDaniel, Attorney at Law, LLC
810 5th Avenue N. Ste. B
Birmingham, Alabama 35203
Telephone: (205) 433-6130
Cell: (205) 222.8656
rdm@reginaldmcdaniel.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, a copy of the foregoing has been served upon the defendants First Class mail to pro se parties, electronic mail and via ECF.

s/ Reginald D. McDaniel

11