IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEE ANTHONY BRANCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 1:23-cv-99-ECM |
| | ) | [WO] |
| ENCORE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff moves for default judgment against Rodney Herring and Encore, LLC. (Docs. 135, 142). Upon consideration, and for good cause, both motions are due to be DENIED without prejudice.

**I.  BACKGROUND**

Plaintiff alleges that on November 10, 2022, he was "verbally abus[ed] and threatened" by Herring, "the owner and/or manager of Encore." (Doc. 11 at 2–3, paras. 5, 11). Herring allegedly "insulted . . . Plaintiff with racist remarks" "while grabbing what is believed to be an AR 15 style assault weapon." (*Id.* at 3–4, para. 11). This occurred while Plaintiff "was an employee at Encore/Apex [Concrete Pumping, LLC]." (*Id.* at 3, para. 8). Plaintiff initiated this action on February 17, 2023. (Doc. 1). In his amended complaint he asserts a panoply of claims, including race discrimination, violation of the FLSA, assault, outrage, infliction of emotional distress, and "vicarious liability." (Doc. 11 at 6–11, paras. 23–51).

A summons as to Encore was returned executed by Herring (doc. 32) and, after Encore failed to answer or otherwise defend itself, Plaintiff applied for a Clerk's default (doc. 33), which the Clerk granted (doc. 38).[1] Plaintiff also sought a Clerk's default as to Herring (doc. 35), though that application was denied because Plaintiff had not demonstrated proof of proper service on Herring (doc. 43). Herring eventually filed a pro se answer in response to the amended complaint generally denying Plaintiff's allegations against him. (Doc. 36). Herring has since participated sporadically, acknowledging receipt of certain orders (docs. 49, 50, 63, 99, 123) and appearing at a mediation before the Magistrate Judge (doc. 83). He also filed a motion for summary judgment on behalf of himself and Encore. (Doc. 73).[2] However, he failed to appear at the final pretrial conference (doc. 93) as well as the last two status conferences held in this matter (docs. 119, 131). Accordingly, Plaintiff renewed his application for a Clerk's default as to Herring for failure to "otherwise defend" (doc. 136 at 1), which the Clerk granted, noting that Herring had waived any argument as to insufficient service of process by answering the amended complaint (*see* doc. 137 at 2–3 (citing FED. R. CIV. P. 12(h)(1)(B))).

Plaintiff now moves for a default judgment as to Herring and Encore. (Docs. 135, 142).

---

[1] The summons was issued to Encore "C/O Rodney Herring." (Doc. 32 at 1). Though Herring has claimed that he has "no legal interest in Encore" (doc. 36 at 1), the Clerk noted that Herring was listed as Encore's registered agent (doc. 43 at 2 (citing the Alabama Secretary of State's online database of business entity records)). Accordingly, the Clerk determined that service on Encore through Herring was proper. (Doc. 38).

[2] That motion was summarily denied as to Encore because Herring, as a pro se litigant, could not represent it (doc. 74; *see* doc. 102 at 1 n.1) and as to Herring because "he fail[ed] to articulate any reason that would warrant granting summary judgment in his favor" (doc. 87 at 2 n.3).

## II.  LEGAL STANDARD

A default judgment may be entered when a defendant "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a).  While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"When a defendant defaults, he admits the plaintiff's well-plead[] allegations of fact." *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quotation omitted). Therefore, "[t]he allegations must be well-plead[] in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *1 (M.D. Fla. 2009)[3] (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)).  A complaint is well-plead when it satisfies the requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Specifically, "the factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

A motion for default judgment that "neither sets forth the elements of [the p]laintiff's claims with citations to legal authority[] nor shows how the allegations plead in the [c]omplaint establish the elements of each claim" fails to satisfy this standard. *Senator-Rudat v. Southard*, 2021 WL 9721150, at *2 (N.D. Ga. 2021); *accord Rigby v. Direct Gen.*

---

[3] Here and elsewhere the Court cites nonbinding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

*Ins. Co.*, 2023 WL 2894365, at *1 (M.D. Fla. 2023) ("It is [the p]laintiff's burden to address the elements of the causes of action and the specific, well-ple[a]d facts in the operative complaint that satisfy each of those elements.").

### III.  DISCUSSION

Plaintiff's motions for default judgment are deficient because he does not explain how the well-plead allegations of his amended complaint establish the elements of the claims under which he seeks relief.  Although he thoroughly sets forth the basis for a Clerk's default as to Herring and Encore, (*see* doc. 135 at 6–8; *accord* doc. 142 at 6–9), he provides no analysis on the issue of liability, asserting instead that "the only issue remaining to be decided in this case is the amount of damages to which Plaintiff is entitled." (Doc. 135 at 2; *accord* doc. 142 at 2).  But not once in either motion does Plaintiff clearly articulate any of the elements of any of the claims he advances. (*See* docs. 135, 142).  His cursory statement that his allegations "state a plausible claim" is insufficient. (Doc. 135 at 8; *accord* doc. 142 at 9); *see Gonopolsky v. Korchak*, 2007 WL 1549429, at *2 (M.D. Fla. 2007) (denying a motion for default judgment where "the only statement regarding entitlement to a default judgment is that '[the d]efendants have in effect admitted the allegations in [the p]laintiff's complaint and thus, entitlement, is not an issue.'" (alterations adopted)).

The Court has previously denied Plaintiff's motions for default judgment for failure to comport with the procedural requirements of Rule 55. (*See* doc. 31 (denying motion for default judgment because Plaintiff had not yet secured a Clerk's default); doc. 34 (same)). Indeed, at the November 24, 2025 status conference, the Court explained that Plaintiff's

4

prior motion for default judgment (doc. 130) was also due to be denied for failure to adequately brief the issue of liability (*see* doc. 131). The Court then entered a written order denying that motion and specifically advised Plaintiff that "[a]ny revised motion *shall*: (1) identify the claim (or claims) on which Plaintiff seeks a default judgment; (2) identify the relevant substantive law; and (3) analyze how the complaint states a claim for relief entitling Plaintiff to a default judgment under the applicable substantive law." (Doc. 132 at 1 (emphasis added)). Plaintiff's renewed motions suffer from this same defect, and so they are also subject to dismissal.

If Plaintiff renews his motions for default judgment against Encore and Herring, he must properly support his argument and demonstrate why he is entitled to the relief he seeks. He must identify which claims he seeks relief under, what the elements of those claims are, and how the well-plead facts in his amended complaint satisfy those elements. *Cf. Ware v. United States*, 154 F.R.D. 291, 293 (M.D. Fla. 1994) ("[T]his Court cannot make Plaintiff's arguments for him."). Plaintiff is advised that continued failure to properly move for default judgment may result in the involuntary dismissal of his claims. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Brutus v. Internal Revenue Serv.*, 393 F. App'x 682, 683–84 (11th Cir. 2010) ("[A] district court may *sua sponte* dismiss a case under Rule 41(b). *Sua sponte* dismissal is appropriate 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" (internal citation omitted) (citing *Betty K Agencies, Ltd. v. M/V*

*MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005), and quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009))).

## IV.  CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows:

1.      Plaintiff's motions for default judgment (docs. 135, 142) are DENIED without prejudice.  Plaintiff may file a renewed motion for default judgment that complies with this Order **on or before April 3, 2026.**

2.      Any renewed motion for default judgment shall:  (1) identify the claim (or claims) on which Plaintiff seeks a default judgment; (2) identify the relevant substantive law; and (3) analyze how the amended complaint states a claim for relief entitling Plaintiff to a default judgment under the applicable substantive law.

3.      Any renewed motion that does not strictly comport with these requirements will be summarily denied and may lead to sanctions, including, but not limited to, the dismissal of Plaintiff's claims without prejudice.

DONE this 12th day of March, 2026.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE